CJS/dat        14N-066

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| PAUL ZEGAR, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | *Plaintiff Demands* |
| | ) | | *a Bench Trial* |
| THE UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT AT LAW

## NEGLIGENCE

Plaintiff, PAUL ZEGAR, through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, THE UNITED STATES OF AMERICA, and states as follows:

1.      That on April 25, 2014, Hartfield Road was a public highway running in a general north/south direction at or near Concord Road  in the City of Montgomery, County of Kendall and State of Illinois.

2.      On and before April 25, 2014, the United States Post Office was an agency of the federal government of the Defendant, THE UNITED STATES OF AMERICA that was in charge of receiving and delivering mail.

3.      On and before, April 25, 2014, MARY J. DEIKE, was an employee and or agent of the United States Post Office.

4.      On April 25, 2014, MARY J. DEIKE, operated, maintained and controlled a United States Post Office vehicle in an northbound direction on Hartfield Road at or near Concord Road

in the City of Montgomery, County of Kendal and State of Illinois.

5. On April 25, 2014, the vehicle the was being operated by MARY J. DEIKE, was owned by the Defendant, THE UNITED STATES OF AMERICA.

6. On April 25, 2014, MARY J. DEIKE, while in operation of her motor vehicle, was acting within the scope of this employment of the United States Post Office and Defendant, THE UNITED STATES OF AMERICA.

7. On April 25, 2014, Defendant, THE UNITED STATES OF AMERICA, owed a duty to maintain a proper look out.

8. On April 25, 2014, Plaintiff, PAUL ZEGAR, owned, maintained and controlled a bicycle in an eastbound direction on Concord at or near where it intersects with Hartfield Road in the City of Montgomery, County of Kendal and State of Illinois.

9. On April 25, 2014, Plaintiff, PAUL ZEGAR, had the right-of-way as he proceeded on Concord.

10. At the time and place aforesaid, the vehicle being operated by MARY J. DEIKE, acting within the scope of her employment and agency of the United States Post Office and Defendant, THE UNITED STATES OF AMERICA, came into contact with the bicycle operated by Plaintiff, PAUL ZEGAR.

11. At the time and place aforesaid, Defendant, THE UNITED STATES OF AMERICA, was negligent in that:

    a. Operated her motor vehicle without keeping a proper and sufficient lookout;

    b. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes,

1992, Chapter 625, Act 5, Section 11-601;

c.      Failed to decrease speed so as to avoid colliding with another vehicle (or person), in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

d.      Failed to yield the right-of-way to Plaintiff's vehicle, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-901;

e.      Failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

f)      Failed to stop at a stop intersection indicated by a stop sign, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Sections 11-904 and 11-1204.

12.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, PAUL ZEGAR, sustained injuries of a personal and pecuniary nature.

13.      On March 3, 2016, within two years of the accrual of Plaintiff's cause of action against Defendant, UNITED STATES OF AMERICA, Plaintiff, PAUL ZEGAR, filed an administrative tort claim with the appropriate agency of the Defendant, UNITED STATES OF AMERICA, the United States Post Office with the Standard Form 95.

14.      Defendant, UNITED STATES OF AMERICA, on December 5, 2016, sent Plaintiff's attorney a correspondence formally denying the claim.

15.      Plaintiff, within the 6 months from the formal denial of the this claim, brings this lawsuit; therefore, this cause is timely filed with the statute of limitations pursuant to 28 U.S.C. § 2401(b).

16.      This Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1346 (b)(1).

WHEREFORE, Plaintiff, PAUL ZEGAR, prays that judgment be entered against Defendant, THE UNITED STATES OF AMERICA, for an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

s/Craig J. Squillace
 Attorney for Plaintiff

Craig J. Squillace
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle,
31st Floor
Chicago, Illinois 60602
312/899-9090
Atty. No.: 6278501

4